UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

GAIL FETTER

    Plaintiff,

vs.

CASE NO. 20-cv-633

UNITED OF OMAHA LIFE INSURANCE COMPANY,

    Defendant.

## COMPLAINT

Plaintiff, Gail Fetter, by her attorneys Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Greenfield, Wisconsin.

2. Defendant, United of Omaha Life Insurance Company ("Defendant"), is a foreign corporation with a primary place of business located in Omaha, Nebraska. Insurance Company's registered agent for service of process in the State of Wisconsin is The Prentice Hall Corporation System Inc. located at 8040 Excelsior Dr., Suite 400, Madison, Wisconsin 53717.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Plaintiff was employed as a Customer Service Representative at The Equitable Bank, S.S.B. (the "Bank") since 2003.

8. During the course of Plaintiff's employment with the Bank, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Bank's employee welfare benefits plan (the "Plan").

9. Under the Plan, the Bank contracted with Defendant to provide a Long-Term Disability Benefits Policy (the "Policy") for its employees, including Plaintiff.

10. Plaintiff became disabled as defined by the Policy effective April 30, 2018.

11. While remaining disabled as defined by the Policy, Plaintiff worked reduced hours between June 18, 2018 and February 19, 2019 when her disability caused her to stop working entirely effective February 20, 2019.

12. Shortly thereafter, Plaintiff filed a claim for LTDI benefits under the Policy with Defendant.

13. Defendant initially denied Plaintiff's LTDI benefits claim on or around August 7, 2019.

14. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim on or around September 13, 2019.

15. In consideration of Plaintiff's appeal, Defendant hired a vocational consultant to determine the requirements of Plaintiff's regular occupation under the Policy.

16. Defendant's vocational consultant determined – and Defendant agreed – that Plaintiff's regular occupation as defined by the Policy was as a Customer Service Representative – Financial as defined by the [Dictionary of Occupational Title's Code 205.362-026](#) ("DOT CSR – Financial"), which requires a strength rating of light.

17. However, Defendant's vocational consultant mischaracterized the DOT CSR – Financial occupation required a strength rating of sedentary in contradiction the DOT's definition.

18. Defendant further hired medical examiners to review Plaintiff's medical evidence for purposes of determining Plaintiff's restrictions and limitations on appeal.

19. Defendant's medical consultants generally determined – and Defendant agreed – that Plaintiff's restrictions and limitations precluded her from performing at the light duty exertional level as defined by the DOT at all times relevant to Plaintiff's appeal.

20. Despite acknowledging Plaintiff's less than light duty restrictions and limitations, Defendant denied Plaintiff's claim on appeal on or around January 17, 2020 based on its misclassification of Plaintiff's regular occupation as a DOT CSR – Financial as being a sedentary position.

21. Defendant's denial of Plaintiff's claim appeal was downright unreasonable as it is unsupported by its own findings regarding Plaintiff's restrictions and limitations and the Policy's definition of Disability.

22. Defendant determined whether Plaintiff was eligible for LTDI benefits.

23. Defendant was responsible for paying Plaintiff's LTDI benefits.

24. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

25. Plaintiff submitted all information requested by the Defendant at all times relevant to her claim.

26. Defendant failed to consider the issues raised in Plaintiff's appeal.

27. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

28. Defendant did not perform a "full and fair review" of Plaintiff's claim.

29. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

30. Defendant failed to engage in a meaningful dialogue with Plaintiff.

31. Defendant failed to adequately explain its reasons for denying Plaintiff's benefits.

32. Defendant conducted a selective review of Plaintiff's medical records.

33. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

34. At all times material to this case, Plaintiff has remained disabled as defined by the Plan.

35. At all times material to this case, the Plan has remained in full force and effect.

36. At all times material to this case, the Policy has remained in full force and effect.

37. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses, including attorneys' fees and costs incurred in this action.

# FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

38. The preceding paragraphs are reincorporated by reference as though set forth here in full.

39. Plaintiff has been and remains disabled, as that term is defined by the Plan, at all times since April 30, 2018.

40. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

41. Defendant wrongfully denied LTDI benefits due to Plaintiff.

42. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

43. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

44. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

45. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

46. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

47. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan and Defendant's obligation to continue administering benefits under the Plan prospectively;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated this 20th day of April 2020.

        Respectfully submitted,

        **HAWKS QUINDEL S.C.**
        Attorneys for Plaintiff

        By: *s/ Timothy P. Maynard*
            Timothy P. Maynard, SBN 1080953
            Hawks Quindel, S.C.
            222 East Erie Street, Suite 210
            PO Box 442
            Milwaukee, WI 53201-0442

Telephone: 414-271-8650
Fax: 414-271-8442
Email: tmaynard@hq-law.com